## FRED F. MACK v. STATE.

No. A-10329. Dec. 13, 1944.
(154 P. 2d 103.)

256

Paul R. Haunstein, of Enid, for plaintiff in error.

Randell S. Cobb, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Hugh Conway, Co. Atty., of Enid, for defendant in error.

BAREFOOT, J. Defendant, Fred F. Mack, was charged in the county court of Garfield county with the crime of driving a motor vehicle upon a public highway in Garfield county while under the influence of intoxicating liquor, was tried, convicted, and sentenced by the court to serve a term of six months in the county jail; and has appealed.

For a reversal of this case, it is contended:

"1. That the evidence was wholly insufficient to convict the defendant of the crime charged.

"2. That if said evidence was sufficient to warrant the jury in rendering a verdict of guilty then the judgment of the court was excessive and should be by this court modified."

The evidence reveals that the defendant was a resident of Garfield county, living near Waukomis. That he had been convicted upon numerous accasions of the same crime with which he stood charged in this case, and that his driver's license had been suspended twice.

The charge in the present case was the outgrowth of a collision of defendant's automobile and one driven by Gilbert McCormick, of Enid, on the viaduct across the Rock Island railroad on Highway No. 81, about one and a quarter miles south of Enid, on the night of February 28, 1942. The prosecuting witness, Gilbert McCormick, and his wife and three small children and Al Hale, a cousin, had started from Enid to go to Homestead, in Blaine county. When they reached Hennessey, it was snowing very hard, and they decided to abandon their trip and return to their home in Enid. As they were crossing the overpass of the Rock Island Railway, one and a quarter miles south of Enid, Mr. McCormick, who was driving, saw an automobile approaching from the north, going south. He observed this car was to the east of the center of the highway. He immediately turned his car to the right and to the guard rail of the overpass. The other car, which belonged to the defendant, sideswiped the McCormick car, and damaged it to the extent of about $35. Both cars stopped, the rear of the McCormick car against the rail and the car headed northwest, and the car of the defendant just back of the McCormick car, and headed southeast. Mr. McCormick got out of his car and went to the car of defendant. Defendant was attempting to back his car out, but by reason of the damage caused by the collision, was unable to do so. Prior to going to the defendant's car, McCormick had sent his 14-year-old son to telephone for the Highway Patrol. McCormick saw the defendant sitting under the wheel of the car, had a conversation with him concerning the collision, and positively identified him, describing the clothing and hat he wore. Two women were with the defendant.

Mr. McCormick after talking to the defendant, left the scene and started to get the Highway Patrol, leaving

his car and the other occupants at the scene. He met the Highway Patrolmen, but went on in to the Highway office, and rode back to the scene with a wrecking truck.

The patrol officers both testified to the fact that defendant was drunk. One of the women who was riding with him testified, and she admitted that the defendant was drunk. The defendant himself admitted that he was not in condition to drive the car. There can be no doubt as to the defendant being under the influence of intoxicating liquor.

The defense was that the defendant was not driving the car at the time of the collision, but that it was being driven by Gene Nivison, one of the women accompanying the defendant in the car, and both she and the defendant so testified.

The officers testified that Gene Nivison was under the wheel when they arrived about 20 or 30 minutes after the collision occurred and after the witness McCormick had left the scene. It was the theory of the state that the defendant was driving, and that the defense was an attempt to shield the defendant, who had been previously convicted three times of drunk driving, and whose driver's license had been revoked upon two prior occasions. Gene Nivison did not have a driver's license.

It is unnecessary to further discuss the evidence in this case. It was clearly a disputed question of fact, which has been passed upon by the jury. The identification of defendant as the driver of the car by the witness McCormick is direct and positive. The fact that defendant was not only under the influence of intoxicating liquor, but that he was so drunk his companions would not risk his driving the automobile and were taking him home for that reason, was admitted. He testified himself to visit-

ing numerous places and drinking beer in large quantities just prior to the collision.

Where there is a conflict in the evidence, and the evidence is sufficient to sustain the judgment and sentence, it will not be reversed on appeal.

The record in this case does not justify a modification of this judgment and sentence. The record of the defendant does not show a disposition on his part to obey the law, and the punishment assessed does not appear to be the result of passion or prejudice.

For the reasons stated, the judgment and sentence of the county court of Garfield county is affirmed.

JONES, P. J., concurs. DOYLE, J., not participating.